UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KYLE J. HARRIS                                                                                      PETITIONER

v.                                                                    CIVIL ACTION NO. 5:11-cv-00152-DPJ-FKB

ARCHIE LONGLEY, WARDEN                                                              RESPONDENT

REPORT AND RECOMMENDATION

This cause is before the Court on the Petition for Writ of Habeas Corpus filed by Kyle J. Harris, a federal inmate currently housed at the Beaumont Medium Federal Correctional Institution in Beaumont, Texas.[1] Harris filed this Petition, pursuant to 28 U.S.C. § 2241, challenging his loss of earned good time credit as a result of a disciplinary hearing. Docket No. 1. Having considered the petition and all other filings, the undersigned recommends that the petition be dismissed.

BACKGROUND

Harris was sentenced by the United States District Court for the Northern District of New York for conspiracy to possess with intent to distribute and to distribute cocaine base and is serving a 120-month sentence. Docket No. 15-1, p. 3. In his Petition, Harris claims his due process rights were violated in an administrative disciplinary hearing at the Federal Correctional Institution in Elkton, Ohio. Docket No. 1. Harris alleges that at the hearing conducted on February 2, 2011, the Disciplinary Hearing Officer (DHO) was prejudiced against Harris, suppressed exculpatory statements from witnesses and prevented Harris from presenting

---

[1] Harris was incarcerated at the Federal Correctional Complex located in Yazoo City, Mississippi, at the time he filed the instant petition. Docket No. 1.

1

exculpatory evidence.  Id.  Harris urges the Court to set aside the sanctions imposed by the DHO, particularly the loss of twenty-seven (27) days of "good conduct time," which presumably would reduce Harris's sentence if restored.

The underlying incident was described by the prison guard as Harris looking the officer up and down as if to size him up and laughing at the officer following an order given by the guard to leave a multipurpose room.  Docket No. 15-3.  The Incident Report charged Harris with violation of Disciplinary Code 312, Insolence Towards a Staff Member.  Id.  It is undisputed that Harris received a copy of the Incident Report and exercised his right to have a staff representative at the hearing.  Docket No. 15-4.  Harris also requested two inmates as witnesses. Id.[2]  At the hearing, Harris maintained that though he was laughing as he passed the officer, he was not looking the officer up and down.  Docket No. 15-6.  The DHO obtained statements from the inmates requested by Harris as witnesses.  Their statements were not consistent with Harris's in that both stated that they did not see or did not know whether Harris was laughing, but both stated Harris was looking at the officer.  Docket No. 15-6, p. 3.

The DHO ultimately concluded that Harris committed the prohibited act of Insolence Towards a Staff Member, a violation of Disciplinary Code 312.  Id. at 4.  The DHO considered the written report from the staff member involved in the incident, as well as Harris's statement and the witnesses' statements.  Id. at 4-5.  Given Harris's significant disciplinary history, the DHO imposed thirty (30) days of disciplinary segregation, 180 days of telephone restrictions, 180 days of email restrictions, impounded Harris's personal property for 180 days, revoked

---

[2]Though Harris indicated both witnesses would say all he did was laugh, as noted infra, they did not.

visiting privileges for one year, revoked commissary privileges for one year and disallowed 27 days of good conduct time. Id. at 5. The DHO indicated these sanctions were imposed because the action/behavior of being insolent toward a staff member threatens the health, safety and welfare of the inmates and the institution. Id.

ANALYSIS

It is well-established that inmates must be afforded due process before they can be deprived of their protected liberty interest in good time credits. Wolff v. McDonnell, 418 U.S. 539, 563 (1974). The Wolff Court outlined five requisite procedural safeguards applicable to inmate disciplinary proceedings: 1) twenty-four hours notice of the charges; 2) a written statement by the fact-finder as to the evidence relied on and the reasons for the sanctions imposed; 3) an opportunity to call witnesses and present documentary evidence; 4) assistance at the hearing if the inmate is illiterate or if the matter is complex; and 5) an impartial fact-finder. Wolff, 418 U.S. at 563-72. The issues in this case are whether Harris was afforded the opportunity to present witnesses and evidence to a neutral fact-finder.

As noted supra, Harris requested two witnesses prior to the hearing and their statements were considered by the DHO. Though Harris's Petition alleges that the witnesses' exculpatory statements were suppressed, this allegation is contradicted by the documentation provided by the defendant. Harris also claims that the DHO prevented him from presenting exculpatory evidence at the hearing, but has not specified what evidence he was allegedly prevented from presenting. In reply to the defendant's response to the petition, Harris argues that he was not allowed to have the witnesses present at the hearing. However, in the prison setting the DHO is not required to call witnesses for live testimony and may refuse do so without explanation to the prisoner. See,

3

e.g., Wolff, 418 U.S. at 566-67; Dedrick v. T.C. Outlaw, 345 Fed. Appx. 903 (5th Cir. 2009). The Inmate Rights form Harris signed specifically referenced the use of written statements. Docket No. 15-5.

Harris also fails to specify the grounds for his contention that the DHO was prejudiced against him. Bureau of Prison regulations require that "[i]n order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16(b). No evidence has been presented to suggest that the defendant failed to comply with the regulation or that the fact-finder had any bias against Harris.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that habeas relief be denied and the petition dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of July, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE